R. MICHAEL COLLUM, ESQ. SBN 145105
R. MICHAEL COLLUM, A LAW CORPORATION
3435 Wilshire Blvd., Suite 2600
Los Angeles, California 90010
Telephone: (323) 648-3132
Facsimile: (323) 648-3131
Email: collum@rmichaelcollum.com

Attorneys for Defendants,
JAMES DANIEL CLARK, an individual

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL HOUSE BUYER LIMITED, a Hong Kong company; in its individual capacity and as the assignee of Yu Jianghao and as assignee of Zhang Lifang;<br><br>    Plaintiffs,<br>vs.<br><br>JAMES DANIEL CLARK, an individual; AMERICAN IMPACT ENERGY I LLC, a Nevada limited liability company, AMERICAN IMPACT ENERGY LLC, a Nevada limited liability company, and DOES 1-10.<br><br>    Defendants. | Case No.: 2:16−cv−07276−SJO−AS<br><br>**DEFENDANT'S NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS ACTION UNDER FED.R. CIV. P. 12(B)(1) AND 12(B)(6)**<br><br>Date:    March 20, 2017<br>Time:   10:00 a.m.<br>Crtrm:  10C<br>Judge:  Hon. S. James Otero<br><br>Trial Date: N/A |

PLEASE TAKE NOTICE that on March 20, 2017, at 10:00 a.m., or at such later date and time as the Court may order, in the Courtroom of the Honorable S. James Otero, Courtroom 10C, United States District Court, Central District

of California, located at 350 W. 1st Street, Los Angeles, CA. 90012, Defendant James Daniel Clark will, and hereby does, move for an Order dismissing Plaintiff's Complaint, dated September 27, 2016. This Motion is made pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), on the grounds that subject matter jurisdiction is lacking and the Complaint fails to state a claim upon which relief can be granted.

      This motion is made following the meet and confer efforts which commenced on January 27, 2017, and continued until the conference of counsel pursuant to Local Rule 7-3, which took place on February 13, 2017, and is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Defendant's Request for Judicial Notice, the Declaration of R. Michael Collum and the exhibits thereto, the Court's record on this matter, the arguments of counsel, and other evidence and argument that may be presented prior to the Court's decision on this Motion.

                                  Respectfully submitted,

                                  R. MICHAEL COLLUM, A LAW CORP.

Dated: February 16, 2017        /s/ R. Michael Collum
                                       R. MICHAEL COLLUM
                                       Attorney for Defendant,
                                       JAMES DANIEL CLARK

2

Case No. 2:16−cv−07276−SJO−AS
DEF.'S NOTICE OF MOTION AND MOTION TO DISMISS;
POINTS AND AUTHORITES IN SUPPORT

# TABLE OF CONTENTS

| | Page |
|---|---|
| I.   INTRODUCTION AND SUMMARY | 1 |
| II.  BACKGROUND FACTS | 5 |
| III. PERTINENT LAW | 6 |
|     A.  Fed. R. Civ. P. 12(b)(1) | 7 |
|     B.  Fed R. Civ. P. 12(b)(6) | 8 |
| IV. ARGUMENT | 9 |
|     A.  The Court Should Dismiss this Case for Lack of Article III Standing | 9 |
|     B.  The Court Should Dismiss this Case for Failure to State A Claim | 12 |
|         1. Breach of Contract | 12 |
|         2. Fraud | 12 |
| V.  CONCLUSION | 15 |

# TABLE OF AUTHORITIES

Page

CASES

*Already, LLC v. Nike, Inc.*
    133 S. Ct. 721 (2013) ………………………………………………..   7

*Brinderson-Newberg Joint Venture v. Pac. Erectors, Inc.*
    971 F.2d 272 (9th Cir. 1992) ..................................................................   14

*DaimlerChrysler Corp. v. Cuno*
    547 U. S. 332 (2006) ………………………………………………..   7

*De La Cruz v. Tormey*
    582 F.2d 45 (1978) …………………………………………………….   8

*Friends of the Earth, Inc. v. Laidlaw Env'tl Servs. (TOC), Inc.*
    528 U.S. 167 (2000) ……………………………………………………   9

*Karapetian v. Carolan*
    83 Cal. App. 2d 344 (1948) .................................................................   10-12

*Lujan v. Defenders of Wildlife*
    504 U.S. 555 (1992) ……………………………………….............   8, 9

*Robertson v. Dean Witter Reynolds, Inc.*
    749 F.2d 530 (9th Cir. 1984) ……………………………………………..   8

*Scheuer v. Rhodes*
    416 U.S. 232 (1974) ………………………………………………....   8

*Tamayo v. Gruma Corp.*
    2015 U.S. Dist. LEXIS 131839 (2015) ………………………………..   12

STATUTES

Fed. R. Civ. P. 12(b)(1) .................................................................................   6

Fed. R. Civ. P. 12(b)(6) .................................................................................   8

Fed. R. Civ. P. 12(h)(3) .................................................................................   8

## I.   INTRODUCTION AND SUMMARY

This case lacks merit, and was filed by Plaintiff, GLOBAL HOUSE BUYER LIMITED ("GLOBAL") to avoid liability for its own breaches of contract and indemnity obligations.  While the lawsuit is framed as an "assigned claim," purportedly brought on behalf of assignor-subscribers, the lawsuit is more fundamentally a business dispute between GLOBAL and Defendant American Impact Energy, LLC ("AIE"), who had an agency relationship at all times relevant.

As a threshold matter, GLOBAL's complaint fails to attach the two agreements (to wit:  a Purchase and Sale Agreement and a Management Agreement, both entered into in December 2014) that govern the relationship among GLOBAL, Defendant American Impact Energy, LLC ("AIE"), and AIE's members and principals (including CLARK).   Those agreements are attached to the Declaration of R. Michael Collum (filed concurrently herewith), and include provisions that GLOBAL "undertakes to hold [AEI] harmless from *any liability under any contract entered into with any third party within the scope of [AEI's] authority and powers hereunder*," and "further undertakes to indemnify and hold harmless [AEI] from *any claim made by any person for any relief whatsoever arising out of any act or omission of [AEI] or any person acting under its supervision, whether or not the claim is well-founded.*"   (Emphasis added.)

1

These agreements are "integral" to the relationship between GLOBAL and Defendants, their veracity is not in dispute, and the agency relationship between GLOBAL and Defendants is alleged in the Complaint (see Complaint, p. 4, ¶¶'s 11 and 12). Accordingly, moving party submits that it is appropriate for the Court to consider these agreement in connection with this motion.

Thus, GLOBAL undertook to defend, indemnify and hold AEI harmless from *the very claims GLOBAL now purports to assert* against AEI (and its members) on behalf of the "assignor" subscribers, Yu Jianghao and Zhang Lifang (who, according to the Complaint, have sustained no damages and have been made whole, by GLOBAL). Per the indemnity provisions, assuming GLOBAL were to prevail on the "assigned" claims, AEI would be entitled to recover 100% of GLOBAL's "recovery" from GLOBAL per the indemnity agreement. Thus, this entire action would be a circular exercise, and a tremendous waste of the Court's resources and time. Any liability on the part of the "alter ego" defendants (including CLARK) would require an initial finding of liability on the part of AEI, which Plaintiff cannot establish in light of the indemnity provisions.

As to the merits, the Complaint fails, first for lack of standing. The Subscription Agreements (attached as Exhibits A and B to the Complaint, and upon which all claims are premised) provide as follows: "Neither this Subscription Agreement nor any right, remedy, obligation or liability arising hereunder or by

2

reason hereof shall be assignable by either the Company or the undersigned without the prior written consent of the other party." See Complaint, Ex. A, p. 7, ¶12; Ex. B, p. 7, ¶12.

The only "parties" to the Subscription Agreements are the "subscribers" (i.e., Yu Jianghao and Zhang Lifang), on the one hand, and AEI, on the other hand. See Complaint, Ex. A, pp. 9-10; Ex. B, pp. 9-10.   GLOBAL is not a signatory to the Subscription Agreements.

The "Company" is identified in the Subscription Agreements as both GLOBAL (Ex. A, p. 1; Ex. B, p. 1) and AEI (Ex. A, p. 12; Ex. B, p. 12).  The Subscription Agreements both provide that GLOBAL is the agent of AEI (Ex. A, p. 1; Ex. B, p. 1). "Company Units" are expressly identified as being issued by AEI, the "Company" (Ex. A, p. 12; Ex. B., p. 12).

There is no allegation that AEI (or anyone, for that matter) consented in writing to assignment, because AEI did not so consent.  As such, GLOBAL lacks standing to pursue the "assigned claims."

The Complaint further alleges that the assignor-subscribers, Yu Jianghao and Zhang Lifang, were made whole, and received a full refund of their investment from GLOBAL, who was acting as AEI's agent at the time.  Complaint, p. 7, ¶21. Thus, there is no "injury" to the assignor-subscribers.

In addition, with respect to the allegations of "misrepresentation," while the Complaint alleges that CLARK "prepared presentation slides in English which were translated into Chinese by GLOBAL's employees," and that such "presentation slides" comprised the "misrepresentation" upon which the subscriber-assignors "relied" in entering the Subscription Agreements (Complaint, ¶¶'s 12-13, pp 4-5[1]), the Subscription Agreements both provide as follows:

"Non-Reliance.  ***The undersigned confirms that the Company has not (a) itself guaranteed the investment***.  Instead the investment is secured by the ownership of purchased wells or (b) made any representation to the undersigned regarding the legality of an investment in the Company Units under applicable legal investment or similar laws or regulations.  ***In deciding to purchase Company Units, the undersigned is not relying on the advice or recommendations of the Company and the undersigned has made its own independent decision that the investment in the Company Units is suitable and appropriate for the undersigned***."   Ex. A, pp. 5-6, ¶8(c); Ex. B., pp. 5-6, ¶8(c).  (Emphasis added.)

---

[1] The Complaint also alleges that "GLOBAL had been induced by Defendants' misrepresentations to locate investors, and the investors had relied on GLOBAL's reputation for honesty in making those investments." (Complaint, ¶37, p. 10.)  Even if true, these allegations could not possibly be construed as "representations" from Defendants to the subscriber-assignors – the representations are alleged to have been made *to GLOBAL*, not the assignor-subscribers; and, GLOBAL's "reputation for honesty" is not a "representation" by Defendants.

4

And the Confidential Purchaser Questionnaires (Appendix B to both Exhibit A and Exhibit B) set forth the following question: "*Are you* (or the beneficiary of the trust for which you are a fiduciary) *able to bear the economic risk of the investment, including a complete loss of the investment*?" Both Yu Jianghao and Zhang Lifang answered, "Yes." Ex. A, p. 18; Ex. B, p. 18.

Having expressly contracted and agreed that they did not rely on any advice or representations, and having also affirmed and warranted their ability to bear a "complete loss of the investment," assignor-subscribers cannot legitimately state a claim for "misrepresentation" - especially when their investment has been completely refunded.

This Complaint should be seen exactly for what it is: a bullying tactic to avoid GLOBAL's express indemnity obligations to Defendants, and to provide leverage against CLARK's and AEI's claims against GLOBAL.

## II. BACKGROUND FACTS

On or about December 30, 2014, AEI and GLOBAL entered into a Management Agreement which is attached to the declaration of R. Michael Collum as Exhibit 1 and incorporated herein by reference. The December 2014 "agency agreement" is referenced in the Complaint (see Complaint, page 4, ¶¶11 and 12), and is integral to Plaintiff's claims.

5

The Management Agreement contains an indemnification provision, which provides as follows:

> "The Company [i.e. Plaintiff] further undertakes to indemnify and hold harmless the Manager [i.e. AIE] from any claim made by any person for any relief whatsoever arising out of any act or omission of the Manager or of any person acting under its supervision, whether or not the said claim is well-founded." Collum Decl, Ex. 1, p.4, ¶ 6.2.

On or about December 30, 2014, AEI and Plaintiff entered into a Purchase and Sale Agreement which is attached to the declaration of R. Michael Collum as Exhibit 2 and incorporated herein by reference.

This agreement also contains an indemnification provision. It also contains a provision regarding non-reliance and another provision setting forth the exclusive remedy for title defects.

### III.  PERTINENT LAW

**A.  Fed. R. Civ. P. 12(b)(1)**

Fed. R. Civ. P. 12(6)(1) authorizes the Court to dismiss this action for lack of subject matter jurisdiction.

6

"Article III of the Constitution grants the Judicial Branch authority to adjudicate "Cases" and "Controversies." In our system of government, courts have "no business" deciding legal disputes or expounding on law in the absence of such a case or controversy. *DaimlerChrysler Corp. v. Cuno*, 547 U. S. 332, 341, 126 S. Ct. 1854, 164 L. Ed. 2d 589 (2006). That limitation requires those who invoke the power of a federal court to demonstrate standing -- a 'personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013).

"[T]he irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact" -- an invasion of a legally protected interest which is (a) concrete and particularized, see id., at 756; *Warth v. Seldin*, 422 U.S. 490, 508, 45 L. Ed. 2d 343, 95 S. Ct. 2197 (1975); *Sierra Club v. Morton*, 405 U.S. 727, 740-741, n. 16, 31 L. Ed. 2d 636, 92 S. Ct. 1361 (1972); 1 and (b) "actual or imminent, not 'conjectural' or 'hypothetical,'" Whitmore, supra, at 155 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 102, 75 L. Ed. 2d 675, 103 S. Ct. 1660 (1983)). Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court." *Simon v. Eastern Ky. Welfare* Rights Organization, 426 U.S. 26, 41-42 (1976). Third, it must be "likely,"

as opposed to merely "speculative," that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

In addition, Federal Rule of Civil Procedure 12(h)(3) instructs: "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."

**B.     Fed R. Civ. P. 12(b)(6)**

Fed. R. Civ. P. 12(b)(6) authorizes the Court to dismiss this action for failure to state a claim upon which relief can be granted.

A Motion to Dismiss under Rule 12(b)(6) is similar to the common law general demurrer, i.e., it tests the legal sufficiency of the claims stated in the Complaint. "The issue is not whether a plaintiff's success on the merits is likely but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish [her] claims." *Scheuer v. Rhodes*, (1974) 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90. In considering a Motion to Dismiss brought under Rule 12(b)(6), the Court's duty is to, "determine whether or not it appears...under existing law that no relief can be granted under any set of facts that might be proved in support of plaintiffs' claims." *De La Cruz v. Tormey* (1978) 582 F.2d 45, 48. "A complaint may be dismissed as a matter of law for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530 (9th Cir. 1984)

8

## IV. ARGUMENT

### A. The Court Should Dismiss this Case for Lack of Article III Standing.

To establish Article III case-or-controversy standing, a plaintiff must satisfy three elements: (1) the plaintiff must have suffered an injury in fact that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) said injury must be fairly traceable to the challenged action of the defendant; and (3) it must be likely, not just speculative, that said injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Env'tl Servs. (TOC), Inc.,* 528 U.S. 167, 180-181 (2000); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

In the present case, the Plaintiff has not suffered an injury, and the purported "assignments" of the claims of Yu Jianghao and Zhang Lifang are not effective, as there was no written consent to same. Plaintiff cannot legally hold the claims it is alleging. Thus, Plaintiff is unable to satisfy the first standing requirement.

Second, the "assignor-subscribers' have been made whole. The Complaint alleges that Yu and Zhang demanded a return of all funds they invested with Defendants, and that "GLOBAL returned the investments." (Complaint, p. 7, ¶21). It is further alleged that GLOBAL was acting as AEI's agent at all times relevant. (Complaint, p. 4, ¶12). Since AEI's agent (GLOBAL) has returned all investment funds to the assignor-subscribers, they have no "claims" to assign. Thus, no injury

9

in fact to the assignor-subscribers can be fairly traceable to any conduct of Defendants.

As a practical matter, there has been a rescission of the Subscription Agreements. The assignor-subscribers demanded their investment back and to be made whole; they were made whole by GLOBAL (AEI's agent). Neither they (nor their assignee) can now sue for damages:

> "If a party to a contract elects to rescind it, he cannot then continue to claim the benefits of the contract. He cannot go on and perform it nor can he claim compensation for loss of profits of it." (2 Sedgwick on Damages, 9th ed., sec. 655a.) McCready v. Bullis, 59 Cal. App. 286, 292 (1922)
>
> "There can be no doubt that the remedies of rescission and an action for damages are inconsistent and that a completed or effectual rescission terminates the contract and bars an action for fraud. (*McCready* v. *Bullis*, 59 Cal.App. 286 [210 P. 638]; *Davis* v. *Rite-Lite Sales Co.*, 8 Cal.2d 675 [67 P.2d 1039].) The correct rule, supported by authorities, is stated as follows in 6 California Jurisprudence, page 388, section 233: "Upon the breach

10

of a contract a party thereto may treat it as rescinded, and if he has advanced money on it, bring an action for its recovery; or he may treat the contract as still in force and maintain an action for damages for the breach, but he cannot pursue both courses. If the facts exist which justify a rescission by one party, and he exercises his right and declares a rescission in some effectual manner, he terminates the contract, and it cannot thereafter be made the basis of an action for damages caused by breach of the covenants." *Karapetian v. Carolan*, 83 Cal. App. 2d 344, 347 (1948)

All of this underscores the fact that this lawsuit is fundamentally a business dispute concerning the agency agreement between GLOBAL and AEI and their broader business relationship.

Third, even if the assignments had been valid, however, GLOBAL has undertaken to indemnify AEI from and against the very claims purportedly "assigned" by Jianghao and Lifang. As such, it is not "likely" that Plaintiff's injuries will be redressed, as it will immediately have to indemnify Defendants for any "favorable decision."

11

**B.     The Court Should Dismiss this Case for Failure to State A Claim.**

1.     Breach of Contract

"Under Rule 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief may be granted 'based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Tamayo v. Gruma Corp.*, 2015 U.S. Dist. LEXIS 131839, 8 (2015). There is no cognizable legal theory on which Plaintiff can bring a breach of contract action as Plaintiff is not a party to the contract and rights were not assignable, as more fully discussed in Section IV(A), above.

2.     Fraud

The crux of GLOBAL's fraud allegations is that the subscriber-assignors, relied on "misrepresentations" of CLARK in agreeing to enter in the subscription agreements.  At the outset, the fraud claims must fail, because the remedies for fraud are *either* rescission/return of investment *or* damages – not both. *McCready, supra; Karapetian, supra.*  The Complaint alleges that all funds invested were returned to the assignor-subscribers.  Plaintiff (who stands in the shoes of its assignors) cannot have it both ways.

The purported "misrepresentations" are as follows:

·     that CLARK represented *to GLOBAL* that AEI and AEI-1 would invest in a mature oilfield with a stable production output, that would yield an

12

annualized rate of return of 10 to 15 per cent. These representations are not alleged to have been made to the assignor-subscribers, and accordingly cannot comprise a basis of *their* fraud claims (Complaint, page 4, ¶11);

· that CLARK "prepared presentation slides in English which were translated into Chinese by GLOBAL's employees" (Complaint, page 4, ¶12), but the specific language in the presentation slides is not quoted, nor are copies of the presentation slides attached to the Complaint.

These allegations are vague and uncertain, exacerbated by the fact that GLOBAL was acting as AEI's agent during this "presentation," and that GLOBAL's employees were actively translating the "representations" into Chinese and communicating them to the assignor-subscribers.

This is the extent of the "misrepresentations" alleged as to any of the Defendants.

Jianghao and Lifang, the purported assignors, could not have brought fraud claims as articulated in the Complaint due to the non-reliance provisions in the Subscription Agreements.

The allegations of parol evidence here are expressly inconsistent with the terms of the subscription agreements, which provide that "the undersigned is not relying on the advice or recommendations of the Company and the undersigned

13

has made its own independent decision that the investment in the Company Units is suitable and appropriate for the undersigned."

"[P]arol evidence cannot be introduced to show fraud or misrepresentation if the parol evidence contradicts the language of an integrated contract: "If the false promise relates to the matter covered by the main agreement ***and contradicts or varies the terms thereof, any evidence of the false promise directly violates the parol evidence rule and is inadmissible.***" *Price v. Wells Fargo Bank,* 261 Cal. Rptr. 735, 745 (Ct. App. 1989) (quoting *Bank of America Nat'l Trust & Sav. Ass'n v. Lamb Finance Co.,* 3 Cal. Rptr. 877, 880 (Dist. Ct. App. 1960)). For parol evidence of fraud or misrepresentation to be admissible under California law, "it must tend to establish some independent fact or representation, some fraud in the procurement of the instrument or some breach of confidence concerning its use, ***and not a promise directly at variance with the promise of the writing.***" *Id.* (quoting *Bank of America Nat'l Trust & Sav. Ass'n v. Pendergrass,* 48 P.2d 659, 661 (Cal. 1935)) (emphasis added)."

14

*Brinderson-Newberg Joint Venture v. Pac. Erectors, Inc.,*

971 F.2d 272, 280-281 (9th Cir. 1992)

## V. CONCLUSION

Because Plaintiff lacks standing to maintain this action, because the Complaint fails to state a claim against any Defendant herein, and because Plaintiff has expressly undertaken to indemnify Defendants from and against any claims of the assignor-subscribers, moving party respectfully requests that the Court dismiss this action pursuant to Rules 12(b)(1) and 12(b)(6).

Respectfully submitted,

R. MICHAEL COLLUM, A LAW CORP.

Dated:  February 16, 2017         /s/ R. Michael Collum
R. MICHAEL COLLUM
Attorney for Defendant,
**JAMES DANIEL CLARK**

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and am not a party to the within action. My business address is 3435 Wilshire Boulevard, Suite 2600, Los Angeles, CA 90010.

On February 16, 2017 I served the foregoing document described as:
1. **DEFENDANT'S NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS ACTION UNDER FED.R. CIV. P. 12(B)(1) AND 12(B)(6)**
2. **DECLARATION OF R. MICHAEL COLLUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**
3. **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**
4. **[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

[X]   BY USPS FIRST CLASS MAIL

> Jeffrey Gwynn, Esq.
> Ardent Law Group, P.C.
> 2301 Dupont Dr., Ste. 510
> Irvine, CA 92612

Executed on February 16, 2017 at Los Angeles, California.

[ ] (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

DAVID M. HANDEL